IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLLI TELFORD LUNDAHL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0174-B |
| | § | |
| U.S. ATTORNEY GENERAL, | § | |
| ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On January 15, 2009, Holli Telford Lundahl, a federal pretrial detainee, filed an application for writ of habeas corpus challenging "[r]espondents [sic] interference with [her] Sixth Amendment right to selfrepresentation [sic] and to prepare an adequate defense and interference with [her] Fifth Amendment right to present competent writs of habeas corpus dismissing two indictments as constitutionally barred." Six days after petitioner filed her federal writ, a Utah federal court dismissed the two indictments against petitioner and ordered her immediate release from custody. *See United States v. Lundahl*, Nos. 06-CR-00693 WFD & 07-CR-00272 WFD (D. Utah, Jan. 21, 2009). Because petitioner is no longer in federal custody, her application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2241(c) (writ of habeas corpus extends only to persons "in custody").[1]

---

[1] On February 2, 2009, the court issued an order directing petitioner to show cause why her application for writ of habeas corpus should not be dismissed by virtue of the dismissal of the pending federal indictments. The unopened envelope containing that order, which was mailed to petitioner at FMC Carswell, was returned to the clerk with the notation, "Return to Sender/Inmate Not Here."

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE